O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANDERSON, | NO. CV 14-1791-SVW (MAN) |
|         Petitioner, | ORDER: DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |
|         v. | |
| STU SHERMAN, | |
|         Respondent. | |

On February 14, 2014, Petitioner, a California prisoner, filed a habeas petition in the United States District Court for the Northern District of California ("Petition"). On February 19, 2014, the Norther District ordered the transfer of the Petition to this District, in which it now is pending.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is unexhausted.[1] Therefore, the Petition must be dismissed without prejudice.

---

[1] The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

**DISCUSSION**

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); <u>Fields v. Waddington</u>, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* <u>Baldwin v. Reese</u>, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See* <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See* <u>Baldwin</u>, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); <u>Keating v. Hood</u>, 133 F.3d 1240, 1242 (9th Cir. 1998).

Petitioner alleges that he was convicted in the "San Fernando Superior Court) on October 21, 2012 (the "2012 Conviction"), and the instant Petition challenges the 2012 Conviction.  he alleges that he filed an appeal in the California Court of Appeal, and the remittitur was issued by the "Supreme Court of California" in 2013.  (Petition at 2-3.)  Petitioner admits that he has not exhausted the claims alleged in the Petition, given his representation, under penalty of perjury,

1  that the claims alleged in the Petition were not previously presented to any other court, "because

2  the evidence was hidden." (*Id.* at 6.)

3

4       The Court has reviewed the dockets for the California Supreme Court and the California

5  Court of Appeal, which are available electronically,[2] and takes judicial notice of their contents

6  pursuant to Rule 201 of the Federal Rules of Evidence.  A search of those dockets shows that:

7  Petitioner was convicted in the Los Angeles Superior Court on November 1, 2012; Petitioner filed

8  a notice of appeal on December 28, 2012 (Case No. B245908); counsel was appointed and filed

9  a *Wende* brief; Petitioner filed supplemental briefs; the judgment was affirmed on July 23, 2013;[3]

10 and when no petition for review was filed, the California Court of Appeal issued the remittitur on

11 September 25, 2013.  These same dockets establish that Petitioner has not filed *any* proceeding

12 in the California Supreme Court.

13

14      Accordingly, as Petitioner admits, the Petition is unexhausted, because he did not present

15 his claims to the California Supreme Court, and afford that court a chance to rule on them, before

16 seeking federal habeas relief.  Because the Petition is fully unexhausted, it must be dismissed

17 without prejudice.  <u>Rose</u>, 455 U.S. at 522, 102 S. Ct. at 1205.[4]

18

19

20          ───────────────

21      [2]     *See* http://appellatecases.courtinfo.ca.gov.

22      [3]     The California Court of Appeal's opinion -- also available through the above-noted website -- indicates that Petitioner did not raise the two claims now alleged in the instant Petition.

23      [4]     Under prevailing law, a fully unexhausted federal habeas petition may not be stayed
24  and must be dismissed.  *See, e.g.,* <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing:  "Once a district
25  court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for
26  failure to exhaust."); <u>Jones v. McDaniel</u>, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only
27  available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001)
28  (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of the Petition is required.  Accordingly, IT IS ORDERED that:  the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action, without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: March 13, 2014

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

4